UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DISTRICT COUNCIL OF NEW YORK CITY AND
VICINITY OF THE UNITED BROTHERHOOD OF
CARPENTERS AND JOINERS OF AMERICA,

                 Petitioner,

-v.-

PRIME CONTRACTORS, INC.,

                 Respondent.

22 Civ. 7085 (KPF)

**OPINION AND ORDER**

KATHERINE POLK FAILLA, District Judge:

The District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America ("Petitioner") filed this motion for summary judgment to confirm an arbitral award (the "Award") in Petitioner's favor, awarding Petitioner contractual damages. The Court has jurisdiction to confirm the Award pursuant to Section 301 of the Labor Management Relations Act of 1947 (the "LMRA"), *as amended*, 29 U.S.C. § 185. The motion is unopposed, inasmuch as Prime Contractors, Inc. ("Respondent") has neither acknowledged the petition nor made any effort to contest confirmation of the Award. For the reasons set forth in the remainder of this Opinion, the Court grants Petitioner's motion.

## BACKGROUND[1]

### A. Factual Background

Respondent became bound to the Renovation & Rehabilitation of NYCHA Buildings/Structures Project Labor Agreement (the "PLA") following its execution of the Letter of Assent for a project located at MTA Avenue X in Brooklyn, New York (the "Project"). (Pet. 56.1 ¶ 1; Sigelakis Decl. ¶ 5; Letter of Assent).

Disputes arose between the parties regarding Respondent's compliance with its obligations under the PLA when Respondent did not hire labor represented by Petitioner or employ a shop steward to dismantle scaffolding at the Project. (Pet. 56.1 ¶ 3; Sigelakis Decl. ¶ 7). The PLA provides that disputes between the parties are to be resolved by arbitration. (Pet. 56.1 ¶ 2; Sigelakis Decl. ¶ 6). The PLA designates Richard Adelman as arbitrator (the "Arbitrator"). (Pet. 56.1 ¶ 2; Sigelakis Decl. ¶ 6). On April 2, 2022, Petitioner

---

[1] The facts set forth in this Opinion are taken from Petitioners' Local Civil Rule 56.1 Statement of Material Facts (Dkt. #10 ("Pet. 56.1")), and from exhibits to the Declaration of Lydia Sigelakis (Dkt. #9 ("Sigelakis Decl., Ex. [ ]")), including the May 6, 2022 arbitral award (*id.*, Ex. C (the "Award")),; the Project Labor Agreement Letter of Assent (*id.*, Ex. A (the "Letter of Assent")); the Notice of Arbitration Hearing and Grievance Form (*id.*, Ex. B (the "Notice")); the Spivak Lipton Attorney Hours Report and Recap of Work Done (*id.*, Ex. E (the "Spivak Hours Report")); and the Spivak Lipton records relating to filing fees and costs (*id.*, Ex. F (the "Filing and Service Costs Records")). Citations to Petitioner's Rule 56.1 Statement incorporate by reference the documents cited therein. Where facts stated in the Rule 56.1 Statement are supported by admissible evidence and are not contested by Respondent, the Court accepts such facts as true. *See* Local Civil Rule 56.1(c)-(d).

For ease of reference, the Court refers to Petitioner's memorandum of law in support of its motion for summary judgment and application for attorneys' fees and costs as "Pet. Br." (Dkt. #11).

sent notice of an arbitration hearing scheduled for May 4, 2022, to Respondent via first-class mail. (Notice).

The Arbitrator conducted the hearing on May 4, 2022, and the Respondent did not appear. (Pet. 56.1 ¶¶ 4-5; *see also* Award). Petitioner introduced evidence and testimony supporting its claims, and the Arbitrator ruled in Petitioner's favor on May 6, 2022. (Pet. 56.1 ¶ 5; *see generally* Award). Specifically, the Arbitrator found that Respondent violated the PLA by failing to employ workers represented by Petitioner and to employ a shop steward in connection with dismantling scaffolding at the Project. (Pet 56.1 ¶ 6; Award 3). As a remedy, the Arbitrator ordered the Respondent to pay $31,337.60. (Pet. 56.1 ¶ 7, Award 3). This figure consists of $16,420.00 for 320 hours of wages (the equivalent of five eight-hour days for eight employees) at a rate of $51.50 per hour and $14,857.60 for 320 hours of benefits for these same employees at a rate of $46.43 per hour. (Pet. 56.1 ¶ 7, Award 3).

**B.   Procedural Background**

Petitioners filed the instant petition to confirm the Award on August 19, 2022. (Dkt. #1). On August 29, 2022, the Court ordered Petitioner to move for confirmation of the Award in the form of a motion for summary judgment on or before September 12, 2022. (Dkt. #5). Petitioner served Respondent with the petition on August 30, 2022. (Dkt. #6). In its August 29, 2022 Order, the Court directed Respondent to file any opposition brief by September 26, 2022, and Petitioner to file any reply by October 3, 2022. (Dkt. #7). In line with this Order, Petitioner filed its summary judgment motion and supporting papers on

September 12, 2022, requesting that the Court: (i) confirm the Award; (ii) award Petitioner attorneys' fees and costs incurred in bringing this litigation; and (iii) award pre-judgment interest. (Dkt. #8-11). Petitioner served Respondent with the Motion for Summary Judgment and supporting papers on September 12, 2022. (Dkt. #12). Respondent has neither filed opposition papers nor appeared in this case.

## DISCUSSION

### A. The Court Confirms the Award

#### 1. Review of Arbitration Awards

"Section 301 of the [LMRA] … provides federal courts with jurisdiction over petitions brought to confirm labor arbitration awards." *Local 802, Assoc. Musicians of Greater N.Y.* v. *Parker Meridien Hotel*, 145 F.3d 85, 88 (2d Cir. 1998). Federal court review of arbitral awards is "severely limited so as not to frustrate the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation." *United Bhd. of Carpenters & Joiners of Am.* v. *Tappan Zee Constructors, LLC*, 804 F.3d 270, 274-75 (2d Cir. 2015) (internal quotation marks and citation omitted). "The federal policy in favor of enforcing arbitration awards is particularly strong with respect to arbitration of labor disputes." *N.Y. Hotel & Motel Trades Council* v. *Hotel St. George*, 988 F. Supp. 770, 774 (S.D.N.Y. 1997). Because the LMRA "embodies a 'clear preference for the private resolution of labor disputes,'" *Nat'l Football League Mgmt. Council* v. *Nat'l Football League Players Ass'n*, 820 F.3d 527, 536 (2d Cir. 2016) (quoting *Int'l Bhd. of Elec. Workers* v. *Niagara Mohawk Power*

4

*Corp.*, 143 F.3d 704, 714 (2d Cir. 1998)), judicial review of arbitral awards in this context is "among the most deferential in the law," *id.* at 532.

Confirmation of an arbitration award is thus generally "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court[.]" *D.H. Blair & Co., Inc.* v. *Gottdiener,* 462 F.3d 95, 110 (2d Cir. 2006) (internal quotation marks and citation omitted). The Court's task is not to reconsider the merits of the dispute; after all, the parties bargained for the arbitrator's view of the facts and the law. *Nat'l Football League Mgmt. Council*, 820 F.3d at 536. Instead, the Court's role is "simply to ensure that the arbitrator was 'even arguably construing or applying the contract and acting within the scope of his authority' and did not 'ignore the plain language of the contract.'" *Id.* at 537 (quoting *United Paperworkers Int'l Union, AFL-CIO* v. *Misco, Inc.*, 484 U.S. 29, 38 (1987)); *see also Major League Baseball Players Ass'n* v. *Garvey*, 532 U.S. 504, 509 (2001) ("It is only when the arbitrator strays from interpretation and application of the agreement and effectively 'dispense[s] his own brand of industrial justice' that his decision may be unenforceable." (quoting *United Steelworkers of Am.* v. *Enter. Wheel & Car Corp.*, 363 U.S. 593, 597 (1960))). "The arbitrator's rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case. Only a barely colorable justification for the outcome reached by the arbitrators is necessary to confirm the award." *D.H. Blair & Co.*, 462 F.3d at 110 (internal quotation marks and citations omitted). Given this deference and limited review, an

arbitral award will normally be vacated "only upon finding a violation of one of the four statutory bases [enumerated in the FAA], or, more rarely, if [the court] find[s] a panel has acted in manifest disregard of the law." *Porzig* v. *Dresdner, Kleinwort, Benson, N. Am. LLC*, 497 F.3d 133, 139 (2d Cir. 2007).[2]

### 2. Summary Judgment Under Federal Rule of Civil Procedure 56

When a petition to confirm an arbitration award is unopposed, courts treat "the petition and accompanying record ... as akin to a motion for summary judgment." *D.H. Blair & Co.*, 462 F.3d at 109. Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp.* v. *Catrett*, 477 U.S. 317, 322 (1986).[3] A fact is material if it "might affect the outcome of the suit under the governing law," and is genuinely disputed "if the evidence is such that a reasonable jury

---

[2]  By statute, an award may be vacated:

> [i] where the award was procured by corruption, fraud, or undue means; [ii] where there was evident partiality or corruption in the arbitrators, ... ; [iii] where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or [iv] where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).

[3]  The 2010 Amendments to the Federal Rules of Civil Procedure revised the summary judgment standard from a genuine "issue" of material fact to a genuine "dispute" of material fact. *See* Fed. R. Civ. P. 56, advisory comm. notes (2010 Amendments) (noting that the amendment to "[s]ubdivision (a) ... chang[es] only one word — genuine 'issue' becomes genuine 'dispute.' 'Dispute' better reflects the focus of a summary-judgment determination."). This Court uses the post-amendment standard, but continues to be guided by pre-amendment Supreme Court and Second Circuit precedent that refer to "genuine issues of material fact."

could return a verdict for the nonmoving party." *Anderson* v. *Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party bears the burden of demonstrating the absence of a disputed material fact, and in making this determination the Court must view all facts in the light most favorable to the non-moving party. *Celotex Corp.*, 477 U.S. at 323. Once the moving party has met its initial burden, the party opposing summary judgment "must set forth specific facts showing that there is a genuine issue for trial." *Parks Real Est. Purchasing Grp.* v. *St. Paul Fire & Marine Ins. Co.*, 472 F.3d 33, 41 (2d Cir. 2006) (quoting Fed. R. Civ. P. 56(e)). When a summary judgment motion is unopposed, "the moving party must still establish that the undisputed facts entitle him to a judgment as a matter of law." *Vt. Teddy Bear Co., Inc.* v. *1-800 BEARGRAM Co.*, 373 F.3d 241, 246 (2d Cir. 2004) (internal quotation marks omitted).

### 3. The Grounds for the Award Are Clear and No Grounds Exist to Vacate the Award

Petitioner's uncontroverted evidence demonstrates the absence of a triable dispute regarding the validity of the Award. The Arbitrator found that despite timely notice, Respondent failed to appear or request an adjournment of the arbitration proceeding. (Award 1). Petitioner presented evidence demonstrating that Respondent had failed to hire employees represented by Petitioner to take down scaffolding at the Project. (*Id.* at 2). Petitioner also provided evidence that the scaffolding took two weeks for Petitioner's workers to assemble. (*Id.*). The Arbitrator adopted Petitioner's uncontested estimate that disassembling the scaffolding would have taken half of that time, leading

7

to the 320 work-hours figure used to calculate the remedy. (*Id.* at 2-3). Moreover, the Arbitrator's decision was well-reasoned; given the evidence presented, there clearly exists a "colorable justification" for the Award. *See D.H. Blair & Co.*, 462 F.3d at 110 (internal quotation marks omitted).

Additionally, there are no grounds for setting aside the Award. None of the statutory grounds for vacatur applies to this case: the record does not indicate that (i) Petitioner acquired the Award via corruption, fraud, or undue means; (ii) the Arbitrator was unfairly biased; (iii) the Arbitrator engaged in misconduct or prejudicial behavior; or (iv) the Arbitrator acted beyond the explicit scope of his powers. *See* 9 U.S.C. § 10(a) (providing the four statutory grounds for vacatur of an arbitral award). Lastly, Respondent has made no showing (and the Court's independent review has not revealed any evidence) that, in rendering the Award, the Arbitrator acted in "manifest disregard" of the law. *Porzig*, 497 F.3d at 139.

Accordingly, judgment in the amount of $31,337.60 is appropriate, and both the record and the deferential standard of review due under the LMRA require the Court to confirm the Award.

**B.     The Court Grants Petitioner's Application for Attorneys' Fees and Costs**

In addition to the amount specified in the Award, Petitioner also seeks $1,830.00 for attorneys' fees for 6.1 hours of work performed by Spivak Lipton LLP in the instant case, as well as $532.50 in filing and service costs. (Pet. 56.1 ¶¶ 15-16; Sigelakis Decl. ¶¶ 20-21).

1.  **Applicable Law**

"Generally, 'in a federal action, attorney's fees cannot be recovered by the successful party in the absence of statutory authority for the award.'" *N.Y.C. Dist. Council of Carpenters Pension Fund* v. *Formula 1 Builders, LLC*, No. 17 Civ. 1234 (GHW), 2017 WL 1483369, at *4 (S.D.N.Y. Apr. 25, 2017) (quoting *Int'l Chem. Workers Union (AFL-CIO), Local No. 227* v. *BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985)). Although Section 301 of the LMRA does not provide for the award of attorneys' fees, there is a separate basis to support such an award here.

A court may "exercise its inherent equitable powers to award attorney's fees when opposing counsel acts in bad faith." *N.Y.C. Dist. Council of Carpenters* v. *Gen-Cap Indus., Inc.*, No. 11 Civ. 8425 (JMF), 2012 WL 2958265, at *5 (S.D.N.Y. July 20, 2012).  A finding of bad faith may be made "when a challenger refuses to abide by an arbitrator's decision without justification[.]" *N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, Apprenticeship, Journeyman, Retraining, Educ. & Indus. Fund* v. *Mountaintop Cabinet Mfr. Corp.*, No. 11 Civ. 8075 (JMF), 2012 WL 3756279, at *4 (S.D.N.Y. Aug. 29, 2012) (internal quotation marks and citation omitted).

To determine an appropriate attorneys' fees award, the Court must assess the reasonableness of the attorney's hourly rate and the number of hours she billed at that rate.  *See generally Lilly* v. *City of N.Y.*, 934 F.3d 222, 227-33 (2d Cir. 2019).  "A reasonable hourly rate is 'what a reasonable, paying client would be willing to pay.'"  *N.Y.C. & Vicinity Dist. Council of Carpenters*

9

v. *Plaza Constr. Grp., Inc.*, No. 16 Civ. 1115 (GHW), 2016 WL 3951187, at *2 (S.D.N.Y. July 19, 2016) (quoting *Watkins* v. *Smith*, No. 12 Civ. 4635 (DLC), 2015 WL 476867, at *3 (S.D.N.Y. Feb. 5, 2015)). "Hours that are excessive, redundant, or otherwise unnecessary, are to be excluded from the calculation of a reasonable fee." *Id.* (internal quotation marks omitted). "In order to support a request for attorneys' fees, the petitioner must submit 'contemporaneous time records [that] specify, for each attorney, the date, the hours expended, and the nature of the work done.'" *N.Y.C. & Vicinity Dist. Council of Carpenters* v. *Talico Contracting Inc.*, No. 19 Civ. 4287 (AT), 2021 WL 4429603, at *3 (S.D.N.Y. Sept. 27, 2021) (quoting *N.Y. St. Ass'n for Retarded Children, Inc.* v. *Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983)).

In addition to attorneys' fees, the prevailing party may also recover reasonable costs incurred in seeking confirmation of an arbitral award. Generally, courts in this Circuit will "grant 'those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients.'" *N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund* v. *Metroplex Serv. Grp., Inc.*, No. 18 Civ. 5889 (PAE), 2018 WL 4141034, at *6 (S.D.N.Y. Aug. 30, 2018) (quoting *LeBlanc-Sternberg* v. *Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998)).

### 2.   An Award of Fees and Costs Is Warranted

As a preliminary matter, "when a challenger refuses to abide by an arbitrator's decision without justification, attorney's fees and costs may properly be awarded." *BASF Wyandotte Corp.*, 774 F.2d at 47 (citation

omitted). Here, Respondent has not appeared, and has failed to justify its refusals to appear at the arbitration hearing or to abide by the Award. The Court therefore deems it appropriate to award attorneys' fees.

Next, the Court turns to the reasonableness of the fees sought. "A reasonable hourly rate is a rate 'in line with ... prevailing [rates] in the community for similar services by lawyers of reasonably comparable skill, expertise and reputation.'" *McDonald ex rel. Prendergast* v. *Pension Plan of the NYSA-ILA Pension Trust Fund*, 450 F.3d 91, 96 (2d Cir. 2006) (alterations in original) (quoting *Blum* v. *Stenson*, 465 U.S. 886, 895 n.11 (1984)). "It is within the Court's discretion to reduce the requested rate when the Court finds the rate unreasonable in the relevant market." *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund* v. *Mahi Painting, Inc.*, No. 22 Civ. 6496 (GHW), 2022 WL 7584364, at *5 (S.D.N.Y. Oct. 13, 2022) (internal quotation marks and citation omitted and alteration adopted).

Petitioner provided the hourly rate for Spivak Lipton attorney Lydia Sigelakis, a 2002 graduate of the Fordham University School of Law, who billed Petitioner at a rate of $300 per hour. (Pet 56.1 ¶¶ 11-15). Ms. Sigelakis billed Petitioner for 6.1 hours on the instant matter for a total cost of $1,830, and provided the Court with time records for her work. (Pet 56.1 ¶ 14; Spivak Hours Report). Petitioner generally approved the hourly rate of $300 per hour on all matters on July 1, 2018. (Pet. 56.1 ¶ 13).

The Court observes that Ms. Sigelakis's rate is identical to the rate typically submitted for such services. Several courts have previously approved a rate of $300 per hour for work performed by Ms. Sigelakis on petitions for confirmation of arbitration awards. *See N.Y.C. Dist. Council of Carpenters* v. *Tried N True Interiors LLC*, No. 20 Civ. 51 (LGS), 2020 WL 3640195, at *1-2 (S.D.N.Y. July 7, 2020) (finding $300 to be a reasonable rate for Ms. Sigelakis's work on a similar matter); *N.Y.C. Dist. Council of Carpenters* v. *Galt Installations LLC*, No. 18 Civ. 7103 (ER), 2020 WL 2836480, at *5-6 (S.D.N.Y. May 29, 2020) (same); *N.Y.C. Dist. Council of Carpenters* v. *JM Kelc Marine Contractors*, No. 19 Civ. 0529 (LGS), 2019 WL 3423274, at *3-4 (S.D.N.Y. July 30, 2019) (same); *N.Y.C. Dist. Council of Carpenters* v. *DVI, LLC*, No. 17 Civ. 4923 (RRM) (VMS), 2019 WL 1102981, at *9 (E.D.N.Y. Jan 7, 2019) (same), *report and recommendation adopted*, No. 17 Civ. 4923 (RRM) (VMS), 2019 WL 1099953 (E.D.N.Y. Mar. 1, 2019).

The Court finds that the amount of time billed is also reasonable, as it is within the range of hours which courts have previously approved for the provision of similar services. *See Galt Installations LLC*, 2020 WL 2836480, at *6 (awarding attorneys' costs where Ms. Sigelakis billed 4.9 hours on a similar matter); *JM Kelc Marine Contractors*, 2019 WL 3423274, at *3 (same, where Ms. Sigelakis billed 5.6 hours on a similar matter); *N.Y.C. & Vicinity Dist. Council of Carpenters* v. *A.J.S. Project Mgmt.*, No. 16 Civ. 8818 (VSB), 2019 WL 2171417, at *2 (S.D.N.Y. May 20, 2019) (same, where Ms. Sigelakis billed 8.6 hours on a similar matter); *DVI, LLC*, 2019 WL 1102981, at *9 (E.D.N.Y. Jan. 7, 2019)

(same, where Ms. Sigelakis billed 5.7 hours on a similar matter). Therefore, the Court finds Petitioner's request for attorneys' fees in the amount of $1,830 to be reasonable and the request is granted.

Additionally, the Court finds Petitioner's request for $532.50 in reimbursement for fees to be reasonable. The costs consist of a $402 filing fee and $130.50 for personal service upon the New York Secretary of State. (Sigelakis Decl. ¶ 21; Filing and Service Costs Records). Such costs are reasonable and routine. *See N.Y.C. Dist. Council of Carpenters* v. *New England Constr. Co., Inc.*, No. 16 Civ. 6608 (KPF), 2017 WL 1967743, at *5 (S.D.N.Y. May 11, 2017) (allowing recovery for filing and service costs); *DVI, LLC*, 2019 WL 1102981, at *9 (same); *Tried N True Interiors LLC*, 2020 WL 3640195 at *2 (same); *Galt Installations LLC*, 2020 WL 2836480, at *6 (same). The Court grants Petitioner's request to recover the costs.

### C. The Court Awards Pre-Judgment Interest

Finally, Petitioner requests an award of pre-judgment interest from June 9, 2022 — the day after the date set by a demand letter Petitioner sent to Respondent following the Award — to the date of this judgment. (Pet. Br. 8). "Although the Award makes no provision for interest and the LMRA does not prescribe an applicable rate, the court does have discretion to grant the request where, as here, the Arbitrator's decision is final and binding on the parties." *N.Y.C. Dist. Council of Carpenters* v. *Dash Floor Covering, Inc.*, No. 17 Civ. 798 (ARR) (JO), 2018 WL 1370267, at *4 (E.D.N.Y. Mar. 1, 2018), *report and recommendation adopted*, No. 17 Civ. 798 (ARR) (JO), 2018 WL 1368026

13

(E.D.N.Y. Mar. 16, 2018) (collecting cases). In awarding pre-judgment interest, courts consider "[i] the need to fully compensate the wronged party for actual damages suffered, [ii] considerations of fairness and the relative equities of the award, [iii] the remedial purpose of the statute involved, and/or [iv] such other general principles as are deemed relevant by the court." *Wickham Contracting Co.* v. *Loc. Union No. 3, Int'l Bhd. of Elec. Workers, AFL-CIO*, 955 F.2d 831, 834 (2d Cir. 1992). In cases such as these, "there is a presumption in favor of awarding such interest." *In re Arb. Between Westchester Fire Ins. Co.* v. *Massamont Ins. Agency, Inc.*, 420 F. Supp. 2d 223, 226 (S.D.N.Y. 2005). Because the Award was binding and final on the parties, the Court finds it appropriate to award Petitioner pre-judgment interest from the deadline set by their demand letter (*i.e.,* June 9, 2022) through the entry of this judgment. Consistent with New York law and the practice in this Circuit, the Court grants pre-judgment interest at a rate of nine percent per annum. *See, e.g.*, *N.Y.C. & Vicinity Dist. Council of Carpenters* v. *Golden Dev. & Constr. Corp.*, No. 15 Civ. 4462 (KAM) (JO), 2016 WL 4523927, at *3 (E.D.N.Y. Aug. 22, 2016) (collecting cases).

## CONCLUSION

For the foregoing reasons, Petitioner's motion for summary judgment is GRANTED. The Clerk of Court is directed to enter judgment in favor of Petitioner in the amount of $33,700.10, consisting of: (i) the Award of $31,337.60; (ii) $1,830.00 in attorneys' fees; and (iii) $532.50 in costs. The

Court also awards pre-judgment interest on the $31,337.60 Award at the rate of nine percent per annum from June 9, 2022, through the entry of judgment.

The Clerk of Court is further directed to terminate all pending motions, adjourn all remaining dates, and close this case.

SO ORDERED.

Dated:   June 6, 2023
         New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge